046030/19344/JNR/BJT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

ANTHONY MCNEAL,

        Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC., DR.
STEVEN MEEKS, DR. ANDREW TILDEN,
CHERYL HANSEN, RILIWAN OJELADE,
and LOUISE TODD,

        Defendants.

No. 19-cv-01171

Judge Harold A. Baker

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COME the Defendants, DR. ANDREW TILDEN, CHERYL HANSEN, RILIWAN OJELADE, and LOUISE TODD, by their attorneys, CASSIDAY SCHADE LLP, and hereby submit their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, stating as follows:

### Introduction

(1)    Defendants admit that Plaintiff is an inmate in the Illinois Department of Corrections (IDOC) currently housed in Pontiac Correctional Center (Pontiac). Defendants deny that they ignored Plaintiff's grievances, that they purposefully and systemically denied and/or delayed providing medical care to Plaintiff, that Plaintiff suffered extreme pain and nearly lost his life, and that Defendants' actions demonstrate deliberate indifference to Plaintiff's serious medical needs. Defendants deny that Plaintiff is entitled to any relief. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in paragraph 1.

**Jurisdiction and Venue**

(2)     Defendants admit that the action is so brought, but deny that Plaintiff is entitled to any relief.

(3)     Defendants admit that subject matter jurisdiction exists on the basis of a federal question under 28 U.S.C. § 1331 and that venue is proper in the District Court for the Central District of Illinois.

**Parties**

(4)     Defendants admit the allegations in paragraph 4.

(5)     Defendants admit that Dr. Andrew Tilden is employed as Medical Director by Wexford Health Sources, Inc. (Wexford) at Pontiac, but lack sufficient information to determine what Plaintiff defines as all times relevant to this complaint. Defendants deny all remaining allegations in paragraph 5.

(6)     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 6.

(7)     Defendants admit that Physician Assistant (PA) Riliwan Ojelade was employed by Wexford at Pontiac, and acted under color of state law by providing medical care to Plaintiff, but lack sufficient information to determine what Plaintiff defines as all times relevant to this complaint. Defendants deny all remaining allegations in paragraph 7.

(8)     Defendants admit that Nurse Practitioner (NP) Cheryl Hansen was employed by Wexford at Pontiac, and acted under color of state law by providing medical care to Plaintiff, but lack sufficient information to determine what Plaintiff defines as all times relevant to this complaint. Defendants deny all remaining allegations in paragraph 8.

(9)     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 9.

(10)    Defendants admit that NP Louise Todd was employed by Wexford at Pontiac, and acted under color of state law by providing medical care to Plaintiff, but lack sufficient information to determine what Plaintiff defines as all times relevant to this complaint. Defendants deny all remaining allegations in paragraph 10.

(11)    Defendants admit to the allegations in paragraph 11.

(12)    Defendants admit that Wexford is responsible for providing medical care to inmates consistent with its contractual obligations with the Illinois Department of Corrections. Defendants deny the remainder of Plaintiff's allegations in paragraph 12.

## Factual Allegations

(13)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 13.

(14)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 14.

(15)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 15.

(16)    Defendants admit that Plaintiff's medical records show NP Cheryl Hansen treated Plaintiff on March 10, 2017, and that he requested an esophagogastroduodenoscopy (EGD). Defendants deny all remaining allegations in paragraph 16.

(17)    Defendants admit that Plaintiff's medical records show Dr. Tilden treated Plaintiff twice in April of 2017. Defendants deny all remaining allegations in paragraph 17.

(18)    Defendants admit that Plaintiff filed a grievance on May 5, 2017, but deny that Defendants ever denied Plaintiff medical treatment.

(19)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 19.

(20)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 20.

(21)    Defendants admit that Plaintiff has filed multiple grievances with the IDOC. Plaintiff, however, does not define a timeframe in paragraph 21 and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations therein.

(22)    Defendants admit to the allegations in paragraph 22.

(23)    Defendants deny the allegations in paragraph 23 accurately interpret the results of Plaintiff's CT scans.

(24)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 24.

(25)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 25.

(26)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 26.

(27)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 27.

(28)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 28.

(29)    Defendants admit to the allegations in paragraph 29.

(30)    Defendants admit to the allegations in paragraph 30.

(31)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 31.

(32)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 32.

(33)    Defendants admit to the allegations in paragraph 33. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in the footnote to paragraph 33.

(34)    Defendants deny the allegations in paragraph 34.

(35)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 35.

(36)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 36.

(37)    Defendants admit that Plaintiff underwent a triple-vessel coronary artery bypass surgery on July 10, 2017.

(38)    Defendants admit that that Plaintiff's July 17, 2018, discharge instructions included special instructions that he should have access to plenty of ice/water, but lack knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in paragraph 38.

(39)    Defendants admit that that Plaintiff's July 17, 2018, discharge instructions included special instructions that he should follow up with orthopedics within 2 to 5 weeks, but

lack knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in paragraph 39.

(40)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 40.

(41)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 41 and footnote to paragraph 41.

(42)    Defendants admit that Plaintiff's medical records show that PA Ojelade treated Plaintiff on August 3, 2018, but deny the remainder of Plaintiff's allegations in paragraph 42.

(43)    Defendants deny the allegations in paragraph 43.

(44)    Defendants admit that Plaintiff filed a grievance on August 5, 2018, in which Plaintiff stated "On 7-10-18 grievant had bypass surgery at UIC hospital. Grievant contends that such an evasive [sic] surgery would not have been necessary had Dr. Tilden and medical staff acted reasonably in their standard of medical treatment." Defendants deny the truth of the assertions contained in Plaintiff's August 5, 2018, grievance.

(45)    Defendants admit to the allegations in paragraph 45.

(46)    Defendants deny the allegations in paragraph 46.

(47)    Defendants admit to the allegations in paragraph 47.

(48)    Defendants deny the allegations in paragraph 48.

(49)    Defendants deny the allegations in paragraph 49.

(50)    Defendants deny the allegations in paragraph 50.

(51)    Defendants deny the allegations in paragraph 51.

(52)    Defendants deny the allegations in paragraph 52.

(53)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 53.

### Plaintiff's Damages

(54)    Defendants deny the allegations in paragraph 54.

(55)    Defendants deny the allegations in paragraph 55.

(56)    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 56.

### Count I – Plaintiff's Eighth Amendment Claim

(57)    Defendants, having answered the preceding paragraphs 1-56, incorporate those answers as if fully set forth herein.

(58)    Defendants deny the allegations in paragraph 58.

(59)    Defendants deny the allegations in paragraph 59.

(60)    Defendants deny the allegations in paragraph 60.

(61)    Defendants deny the allegations in paragraph 61.

(62)    Defendants deny the allegations in paragraph 62.

### DEFENDANTS DEMAND TRIAL BY JURY AS TO COUNT I

### Count II – Plaintiff's *Monell* Claim

(63)    Defendants, having answered the preceding paragraphs, incorporate those answers as if fully set forth herein. Defendant Wexford Health Sources, Inc. has filed a contemporaneous Motion to Dismiss Count II of Plaintiff's Amended Complaint. The allegations contained in Plaintiff's Count II concern his *Monell* claim against Wexford, and are not directed to the individual Defendants. To the extent that ¶¶ 63-71 of Plaintiff's Amended Complaint are directed to the individual Defendants, they deny the allegations in those paragraphs.

**Plaintiff's Prayer for Relief**

(A)      Defendants deny that they violated Plaintiff's rights under the Eighth

Amendment.

(B)      Defendants deny that Plaintiff is entitled to any relief.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

(1)      At all times relevant herein, Defendants acted in good faith in the performance of

their official duties and without violating Plaintiff's clearly established statutory or constitutional

rights of which a reasonable person would have known. Defendants are therefore protected from

suit by the doctrine of qualified immunity.[1]

(2)      At all times relevant herein, Defendants acted in good faith and in conformity

with existing precedent.  They are therefore entitled to good faith immunity from damages.

*Janus v. Am. Fed'n. of State*, 942 F.3d 352 (7th Cir. 2019).

(3)      To the extent Plaintiff has failed to exhaust his administrative remedies prior to

initiating bringing this action, his claims are barred by Section 1997e(a) of the Prison Litigation

Reform Act.

(4)      To the extent Plaintiff's claims for relief accrued more than two years prior to

initiation of this case, they are barred by the applicable statute of limitations.

(5)      At all times relevant herein, Defendants' duties were limited to those that were

delegated to them by their employer and that their employer voluntarily undertook pursuant to its

contract with the Illinois Department of Corrections.

**DEFENDANTS DEMAND TRIAL BY JURY AS TO THEIR AFFIRMATIVE**

**DEFENSES**

---

[1] Defendants acknowledge in *Estate of Clark v. Walker*, 865 F.3d 544, 550-51 (7th Cir. 2017), the Seventh Circuit rejected qualified immunity for contractual government employees.  Defendants assert this defense to preserve it for appeal.

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court deny Plaintiff any relief in this matter and grant Defendants judgment as to all matters and any other relief deemed appropriate, including cost of suit.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ Bradley J. Taylor
      Attorneys for Defendants, DR. ANDREW TILDEN, CHERYL HANSEN, RILIWAN OJELADE, and LOUISE TODD

Bradley J. Taylor
ARDC No. 6333450
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
bjtaylor@cassiday.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2020, I electronically filed the foregoing Answer to

Plaintiff's Complaint with Affirmative Defenses with the Clerk of the Court using the CM/ECF

system.  The electronic case filing system sent a "Notice of E-Filing" to the following:

John M. Catalano, Jr.
Assistant Attorney General
100 West Randolph Street, 13th Floor
Chicago IL 60601
jcatalano@atg.state.il.us

Philip DeVon
Philip DeVon Law
2502 W. Division St.
Chicago IL 60622
philipdevonlaw@gmail.com

Melinda Power
West Town Law Office
2502 W. Division
Chicago IL 60622
773-278-6706
Melindapower1@gmail.com

/s/ Joseph N. Rupcich

9670318 BJTAYLOR;BJTAYLOR